```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
BALDOR SPECIALTY FOODS, INC.,                           :
                                                        :
                        Plaintiff,                      :
                                                        :   Case No. 09 CV 2860(SHS)
                                                        :
        - against –                                     :
                                                        :
HOULIHAN'S RESTAURANTS INC. d/b/a                       :
HOULIHAN'S RESTAURANT (DANBURY) and                     :
HOULIHAN'S RESTAURANT (POUGHKEEPSIE), 40                :
GLASTONBURY RESTAURANT GROUP LLC,                       :
JUDITH MCCRORY, Individually and in any corporate       :
capacity, RAJIB ADITYA, Individually and in any         :
corporate capacity,                                     :
                                                        :
                        Defendants.                     :
------------------------------------------------------------------------ x
```

### DEFENDANT HOULIHAN'S RESTAURANTS INC'S
### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Houlihan's Restaurants Inc. ("HRI"), by its attorneys Bryan Cave LLP, as and for its Answer to the Complaint ("Complaint") of Plaintiff Baldor Specialty Foods, Inc. ("Plaintiff"), states as follows:

### Preliminary Matter of Erroneous Party Definition in Complaint

In an un-numbered paragraph introducing its allegations, Plaintiff's Complaint mistakenly identifies "Houlihan's Restaurant Inc." as "d/b/a Houlihan's Restaurant (Danbury) ("Houlihan's Danbury") and d/b/a Houlihan's Restaurant (Poughkeepsie) ("Houlihan's Poughkeepsie")." HRI does not and never has done business as "Houlihan's Restaurant (Danbury)" or "Houlihan's Restaurant (Poughkeepsie)," and HRI therefore denies the allegation contained in the un-numbered paragraph introducing Plaintiff's Complaint. Plaintiff's Complaint then defines "Houlihan's" collectively as "Houlihan's Danbury" and "Houlihan's Poughkeepsie." HRI is a franchisor of the restaurant brand and concept "Houlihan's." HRI does

966458.3

not operate either store, and does not do business at either location. Because Plaintiff's Complaint contains these errors in the manner it defines "Houlihan's Restaurant Inc." and "Houlihan's," HRI is unable to discern which (if any) allegations of the Complaint are intended to be directed at HRI and which are directed at the other defendants who are included in Plaintiff's definition of "Houlihan's".

In specific response to the enumerated allegations of the Complaint, HRI answers as follows:

### I. Jurisdiction

1. The allegations in paragraph 1 consist solely of legal conclusions to which no response is required. HRI does not contest this Court's jurisdiction over the subject matter.

2. HRI admits that it conducts certain business in the Southern District of New York, and HRI does not contest that the Court has personal jurisdiction over HRI. HRI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 and, therefore, denies those allegations.

3. The allegations in paragraph 3 consist solely of legal conclusions to which no response is required. To the extent any factual allegations are intended by the assertions in paragraph 3, HRI denies those facts.

### II. Venue

4. To the extent that the allegations in paragraph 4 consist of legal conclusions, no response is required. In further response, HRI does not contest venue in this District.

### III. Parties

5. HRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, denies those allegations.

6. HRI is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 6 and, therefore, denies those allegations.

7.     In response to the allegations in paragraph 7, HRI denies that "Houlihan's," as Plaintiff's Complaint defines that term, is a Delaware corporation.  HRI is a Delaware corporation, but HRI lacks sufficient information to admit or deny the place of incorporation of the Houlihan's franchisees who operate in Danbury and Poughkeepsie.  To the extent that the allegations in paragraph 7 consist of legal conclusions, no response is required.

8.     HRI denies the allegations contained in paragraph 8.

9.     HRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 that defendant Glastonbury is a Connecticut LLC with its principal place of business located at 190 Golden Bridge Court, Katonah New York, and, therefore, denies those allegations.  HRI denies the allegation that Glastonbury is the parent company or a subsidiary of HRI.  HRI denies all other allegations contained in paragraph 9.

10.    HRI denies that defendant Judith is, or was, an officer, director, partner, owner and/or shareholder of HRI during the relevant time period.  HRI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10, and, therefore, denies those allegations.

11.    HRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and, therefore, denies those allegations.

12.    HRI denies that Rajib Aditya is or was an officer, director, partner, owner and/or shareholder of HRI.  HRI is informed, and believes that Rajib Aditya is or was an officer, director, partner, owner and/or shareholder of the HRI franchisees who operate in Danbury and Poughkeepsie.

13. Upon information and belief, HRI denies the allegations contained in paragraph 13.

### IV. Claims for Relief

### COUNT I

### Failure to Maintain PACA Trust
### 7 U.S.C. §§499e(c)(2), 499e(c)(4)

### (Against Houlihan's)

14. HRI restates, realleges and incorporates by reference its Answers to paragraphs 1 through 13 as if more fully set forth as its Answer to paragraph 14 of Count I.

15. HRI denies the allegations contained in paragraph 15 as they apply to HRI. HRI further avers that the referenced document speaks for itself. HRI denies the allegations regarding the referenced document to the extent that those allegations are inconsistent with the contents of the document.

16. HRI denies the allegations contained in paragraph 16 as they apply to HRI. HRI further avers that the referenced document speaks for itself. HRI denies the allegations regarding the referenced document to the extent that those allegations are inconsistent with the contents of the document.

17. HRI denies the allegations contained in paragraph 17 as they apply to HRI.

18. HRI denies the allegations contained in paragraph 18 as they apply to HRI.

19. HRI denies the allegations contained in paragraph 19 as they apply to HRI. HRI further avers that the referenced document speaks for itself. HRI denies the allegations regarding the referenced document to the extent that those allegations are inconsistent with the contents of the document.

20. HRI denies the allegations contained in paragraph 20 as they apply to HRI. HRI

further avers that the referenced documents speak for themselves.  HRI denies the allegations regarding the referenced documents to the extent that those allegations are inconsistent with the contents of the documents.

21. HRI denies the allegations contained in paragraph 21 as they apply to HRI.

22. HRI denies the allegations contained in paragraph 22 as they apply to HRI.

23. HRI denies the allegations contained in paragraph 23 as they apply to HRI.  To the extent paragraph 23 contains legal conclusions, no response is required.

24. HRI denies the allegations contained in paragraph 24 as they apply to HRI.

25. HRI denies the allegations contained in paragraph 25 as they apply to HRI.  To the extent paragraph 25 contains legal conclusions, no response is required.  Further, HRI avers that the referenced documents speak for themselves.  HRI denies the allegations regarding the referenced documents to the extent that those allegations are inconsistent with the contents of the documents.

26. To the extent paragraph 26 contains legal conclusions, no response is required.  HRI denies all other allegations contained in paragraph 26.

27. HRI denies the allegations contained in paragraph 27 as they apply to HRI.

28. To the extent paragraph 28 contains legal conclusions, no response is required.  Further, HRI denies the allegations contained in paragraph 28.

## COUNT II

### Dissipation of Trust Assets
### 7 U.S.C. §§ 499b(4), 499e(c), 499e(c)(2), 499e(c)(4)

**(Against Houlihan's, Glastonbury, Judith and Rajib)**

29.     HRI restates, realleges and incorporates by reference its Answers to paragraphs 1 through 28 as if more fully set forth as its Answer to paragraph 29 of Count II.

30.     To the extent paragraph 30 contains legal conclusions, no response is required. HRI denies the allegations contained in paragraph 30 as they apply to HRI.

31.     HRI denies the allegations contained in paragraph 31 as they apply to HRI.  HRI avers that the referenced documents speak for themselves.  HRI denies the allegations regarding the referenced documents to the extent that those allegations are inconsistent with the contents of the documents.  To the extent paragraph 31 contains legal conclusions, no response is required.

32.     To the extent paragraph 32 contains legal conclusions, no response is required. HRI denies the allegations contained in paragraph 32 as they apply to HRI.

33.     HRI denies the allegations contained in paragraph 33 as they apply to HRI.

## COUNT III

### Failure to Pay Trust Funds
### 7. U.S.C. §§ [sic] 499b(4)

**(Against Houlihan's)**

34.     HRI restates, realleges and incorporates by reference its Answers to paragraphs 1 through 33 as if more fully set forth as its Answer to paragraph 34 of Count II.

35.     HRI denies the allegations contained in paragraph 35 as they apply to HRI.

36.     To the extent paragraph 36 contains legal conclusions, no response is required. HRI further denies the allegations contained in paragraph 36 as they apply to HRI.

## COUNT IV

### Breach of Fiduciary Duty / Non-Dischargeability
### 7 U.S.C. §§ 499b(4), 11 U.S.C. 523(a)

**(Against Houlihan's, Glastonbury, Judith and Rajib)**

37. HRI restates, realleges and incorporates by reference its Answers to paragraphs 1 through 36 as if more fully set forth as its Answer to paragraph 37 of Count IV.

38. HRI denies the allegations contained in paragraph 38 as they apply to HRI. HRI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38, and, therefore, denies those allegations.

39. HRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and, therefore, denies those allegations.

40. HRI denies the allegations contained in paragraph 40 as they apply to HRI. To the extent paragraph 40 contains legal conclusions, no response is required.

41. HRI denies the allegations contained in paragraph 41 as they apply to HRI.

## COUNT V

### Breach of Contract / Action on Account

**(Against Houlihan's, Glastonbury, Judith and Rajib)**

42. HRI restates, realleges and incorporates by reference its Answers to paragraphs 1 through 41 as if more fully set forth as its Answer to paragraph 42 of Count V.

43. HRI denies the allegations contained in paragraph 43 as they apply to HRI. HRI further avers that the documents referenced in paragraph 43 speak for themselves. HRI denies the allegations regarding the referenced documents to the extent that those allegations are inconsistent with the contents of the documents.

44. HRI denies the allegations contained in paragraph 44 as they apply to HRI.

45. HRI denies the allegations contained in paragraph 45 as they apply to HRI.

## COUNT VI

### Interest and Attorney's Fees

**(Against Houlihan's, Glastonbury, Judith and Rajib)**

46. HRI restates, realleges and incorporates by reference its Answers to paragraphs 1 through 45 as if more fully set forth as its Answer to paragraph 46 of Count V.

47. HRI denies the allegations contained in paragraph 47 as they apply to HRI. To the extent paragraph 47 contains a legal conclusion, no response is required.

48. HRI denies the allegations contained in paragraph 48 as they apply to HRI.

49. HRI denies the allegations contained in paragraph 49 as they apply to HRI.

50. HRI denies the allegations contained in paragraph 50 as they apply to HRI. To the extent paragraph 50 contains a legal conclusion, no response is required.

51. HRI denies the allegations contained in paragraph 51 as they apply to HRI. To the extent paragraph 51 contains a legal conclusion, no response is required.

## COUNT VII

### Creation of Common Fund

**(Against All Defendants)**

52. HRI restates, realleges and incorporates by reference its Answers to paragraphs 1 through 51 as if more fully set forth as its Answer to paragraph 52 of Count V.

53. HRI denies the allegations contained in paragraph 53 as they apply to HRI.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. HRI denies each and every allegation in the Complaint that is not expressly admitted herein.

2. Plaintiff's Complaint and all purported causes of action stated in such pleading fail to state a claim or cause of action against HRI upon which relief can be granted in that Plaintiff has failed to provide a reasonable statement of the claims for relief against HRI.

3. Plaintiff's claims against HRI are barred, in whole or in part, under the doctrines of laches, waiver and/or estoppel.

4. Plaintiff's claims against HRI are barred, in whole or in part, under the doctrine of unclean hands.

5. Plaintiff's claims against HRI are barred, in whole or in part, because Plaintiff has been paid in full for all services and work performed.

6. To the extent that Plaintiff's claims are based upon fraud, such claims are barred due to Plaintiff's failure to state the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

7. To the extent Plaintiff has suffered damages as alleged in the Complaint, which HRI denies, Plaintiff has failed to mitigate any such damages and is therefore barred or limited from recovering such claimed damages.

8. Plaintiff's prayer for attorney's fees should be dismissed on the ground that such claim is not cognizable under federal law under the facts of this case.

9. HRI reserves the right to assert additional defenses as this matter progresses.

Dated: New York, New York
       August 31, 2009

                Respectfully Submitted,

                **BRYAN CAVE LLP**

                By:    /s/ Daniel P. Waxman
                          Daniel P. Waxman (DW 0599)
                          1290 Avenue of the Americas
                          New York, New York 10104
                          (212) 541-2000
                          dpwaxman@bryancave.com

and
                Robert J. Hoffman
                1200 Main Street
                Kansas City, MO 64105
                (816) 374-3200
                rjhoffman@bryancave.com

                *ATTORNEYS FOR DEFENDANT*
                *HOULIHAN'S RESTAURANTS INC.*